No. 58459.—Cosmos Products Co. *v.* United States, petition 7130-R (New York).

EKWALL, Judge: This is a petition, filed under authority of section 489 of the Tariff Act of 1930, seeking remission of additional duties assessed because of the fact that the final appraised value of certain ostrich feathers exceeded the value declared on entry.

At the trial, it was established that the importer, owner of the petitioner, who testified on his own behalf, has been importing similar merchandise for millinery purposes for about 10 years. Prior to entry, said importer always submits the invoices to the appraiser for information as to the proper value at which to make entry. In the instant case, that course was pursued, as usual, and the importer was informed by the customs officials that the goods had been appraised at a higher value than that at which they were entered, and it was suggested that the entry be amended. The importer, because of the small amount involved, $3.80, decided not to amend and requested liquidation, without amendment. It further appears from the testimony that the importer, although notified of the appraisement, filed no appeal for reappraisement. His explanation for his failure to appeal was "I figured that is taken care of automatically." He testified that although he had had dozens of invoices of Uruguayan merchandise, this is the first time that a situation such as this had arisen. He further testified that he did not conceal any material fact from the customs official and had no intention to defraud the revenue.

From the facts as presented, it is apparent that the importer decided that because of the small amount involved it would not pay him to amend his entry, and that he was ignorant of the provisions of the statute requiring that additional duty was assessable under the circumstances of this case. While this may seem like a case of hardship, it has been decided by this court and the Court of Customs and Patent Appeals that ignorance of the law cannot be accepted as meeting the meaning of satisfactory evidence in remission cases. We quote from the case of *United States* v. *W. J. Westerfield*, 40 C. C. P. A. (Customs) 115, 125, C. A. D. 507, as follows:

Another long established rule which has been consistently followed by this court is that a lack of knowledge of the law governing dutiable values, importations, and entries, or, in other words, ignorance of customs law and of the processes of its administration, no matter how fully proven and believed, can not be accepted as meeting the meaning of satisfactory evidence. To obtain the benefit of the remission statute a petitioner must show more than lack of knowledge.

Upon the facts as presented and under authority of the *Westerfield* case, *supra*, the petition for remission is denied.

Judgment will be rendered accordingly.